## KELSEY v. DISTRICT COUT OF PLATTE COUNTY
### (No. 780.)

REVIEW—WRIT OF—ISSUANCE—NECESSITY OF STATUTE PRESCRIBING PROCEDURE—APPEAL AND ERROR—TRANSCRIPTS—WRITS OF ERROR AND CERTIORARI.

1. A writ of review being unknown at common law can only issue in conformity to statute providing a method of procedure for that purpose.

2. The provision of the Constitution conferring power on the Supreme Court to issue writs of review, when considered as distinct from appellate jurisdiction, remains inactive until a method of procedure for the issuance of such writs is prescribed by statute.

3. The appellate jurisdiction of the Supreme Court is ample and the method of invoking the same is clearly pointed out by statute.

4. Writs of error and certiorari have been abolished in this State, but transcripts of proceedings in the lower court may be compelled to be furnished upon petition in error as fully as heretofore under writs of error and certiorari.

[Decided March 23, 1914].    (139 Pac. 433).

ORIGINAL application for writ of review.

The petitioner was William H. Kelsey, and the District Court of the First Judicial District, sitting within and for the County of Platte, was named as respondent. The petition challenged the jurisdiction of said court to render a certain judgment committing the petitioner's daughter, a girl fourteen years of age, to the Home of the Good Shepherd for girls at Denver, Colo.

*E. D. MacDougall,* for the petitioner.

The provision of the Constitution conferring power upon the Supreme Court to issue certain writs, including writs of review, is effective without legislative enactment. (Smith v. Joiner, 27 Ga. 65; Livingston v. Livingston, 24 Ga. 379). The Legislature may reasonably regulate the use of the writ, but cannot divest the court of its constitutional power to employ it, or deprive it of any of its attributes as a prerogative writ. (Smith v. Odell, 1 Pin. (Wis.) 449; Mahan

v. Lester, 20 Ala. 162; State v. Jersey City, 42 N. J. L.
232). Though the writ be abolished by statute, it may issue
in special cases of manifest want of jurisdiction. (Bank v.
Willan, L. R. 5 P. C. 417, 30 L. T. Rep. (N. S.) 237; 6
Cyc. 773). And, likewise, for improper conduct of the
court. (Re Sing Lee, 8 Brit. Col. 20; Crombie v. Engle,
19 N. J. L. 82). If the inferior tribunal was without juris-
diction to proceed under color of the statute, although the
statute inhibits the removal of proceedings under it, the
writ may issue. (Canal Co. v. Mitchell, 31 N. J. L. 99;
Schuyler v. Tufren, 26 N. J. L. 213; Fowler v. Roe, 25
N. J. L. 549). Certiorari may issue to review the refusal
to grant habeas corpus. (Ind. Co. v. Neel, 48 Ark. 283, 3
S. W. 631). The proceeding complained of is not accord-
ing to the course of the common law. (*In re* Ferrier, 193
Ill. 368). Certiorari is indicated as the proper proceeding
in the case of Littleton v. Burgess, 14 Wyo. 181. The pro-
ceeding complained of is a special proceeding and certiorari
will lie to review such a proceeding. (McCulley v. Cun-
ningham, 96 Ala. 583, 11 So. 694; Terr. v. Valdez, 1 N. M.
533; 1 Cyc. 927; Whitehead v. Gray, 1 N. J. L. 36; State
v. Lawler, 103 Wis. 460, 79 N. W. 777; Cobb v. Thompson,
87 Ala. 381, 6 So. 373; State v. Whitford, 54 Wis. 150, 11
N. W. 424). Habeas corpus is the only other remedy possi-
ble, and that is not exclusive but concurrent. But in the
case at bar it does not serve the purpose, for the defendant
in the court below is confined beyond the jurisdiction of
this State. Certiorari is used to review determinations
made without, or in excess of, jurisdiction, and is granted
because of wrongful assumption and exercise of unlawful
authority, and lies as well to determine whether the trial
judge was guilty of misconduct. (6 Cyc. 759; Levan v.
Dist. Court, 1 Ida. 394, 43 Pac. 574; People v. Lindblom,
182 Ill. 241; State v. Roney, 37 Ia. 30; Bardes v. Hutchin-
son, 113 Ia. 610, 85 N. W. 797; State v. Co. Court, 45 Mo.
App. 387; In re Wixom, 12 Nev. 219; Frazer v. Fulcher,
17 O. 260; State v. Forest Co., 74 Wis. 610, 43 N. W. 551;

White v. Lincoln, 70 Me. 317; State v. Madison, 63 Me. 546; State v. Judge, 12 So. 941; People v. Brooks, 40 How. Prac. 165; Fowler v. Lindsey, 3 Dall. (Pa.) 411; State v. Fowler, 47 La. Ann. 27, 16 So. 565; Owens v. State, 27 Wis. 456; State v. Guinotte, 156 Mo. 513). Where error is manifest and the injury is substantial the writ of certiorari will issue. (Hopkins v. Folger, 60 Me. 266; Cushing v. Gray, 23 Me. 9; Shoe Co. v. Hill, 51 La. Ann. 920, 25 So. 634; State v. Judge, 49 La. Ann. 231, 21 So. 690). The validity of laws may be tested by it. (State v. Cape May Point, 55 N. J. L. 104, 25 Atl. 259; State v. Camden, 47 N. J. L. 454, 1 Atl. 259). The office of certiorari when issued to review proceedings of inferior tribunals extends to the review of all questions of jurisdiction, power and authority, of the inferior tribunal to do the act complained of, and to all questions of regularity in the proceedings. (People v. Board, 39 N. Y. 88; People v. Saunders, 5 Hun, 18; Mullins v. People, 24 N. Y. 402; Swift v. City, 37 N. Y. 511; People v. Board, 4 N. Y. 154; People v. Board, 39 N. Y. 516; People v. Board, 51 N. Y. 442; People v. Smith, 45 N. Y. 72; People v. Hamilton, 39 N. Y. 107; Baldwin v. Buffalo, 35 N. Y. 380; People v. Lawrence, 54 Barb. 589; People v. Westchester, 8 Abb. Prac. (N. S.) 277; State v. Dowling, 50 Mo. 134). If opportunity for appeal is lost by the neglect of an officer of the law, the contrivance of the opposite party, or improper conduct of the inferior court, certiorari will be granted. (Allen v. Prim, 2 Swan, 337; Kearney v. Jackson, 1 Yerg. 294; Newton v. Chrisman, 9 Tex. 113; Napier v. Pierson, 7 Yerg. 300; Wallsworth v. Kapp, 31 Tex. 359; Skinner v. Maxwell, 67 N. C. 257; Smith v. Parker, 25 Ark. 518; Mason v. Hammon, 7 Colo. 132). It should be used to correct palpable injustice. (People v. Andrews, 52 N. Y. 445; People v. Utica, 65 Barb. 1; Keys v. Marin, 42 Cal. 252; People v. Hill, 65 Barb. 435; Fonda v. Canal Com., 1 Wend. 288; Brooklyn v. Patchen, 8 Wend. 47; Duggen v. McGruder, Walker (Miss.) 112). On the hearing matters *dehors* the

record may be received in evidence. (White v. Lincoln Co., 70 Me. 317; Dresden v. Lincoln Co., 62 Me. 365; Noyes v. Springfield, 116 Mass. 87; Cobb v. Lucas, 15 Pick. 1; Landaff's Petition, 34 N. H. 163; People v. Queen's Co., 1 Hill, (N. Y.) 195; Boing v. Raleigh, 88 N. C. 62; Holmes v. Holmes, 64 N. C. 833; Gleason v. Sloper, 24 Pick. 181; Rutland v. Worcester Co., 20 Pick. 71; People v. Cholwell, 6 Abb. Pr. 151; State v. Neosho, 57 Mo. App. 192; Burgan v. Miners' Mills, 7 Kulp (Pa.) 561; 6 Cyc. 807; Scott v. Beatty, 23 N. J. L. 256; Stone v. Miller, 60 Ia. 243, 14 N. W. 781; People v. Lawrence, 36 Barb. (N. Y.) 177; Reg. v. McDonald, 19 Nova Scotia, 336, 7 Can. L. T. 376; Hawes v. Hart, 18 Nova Scotia, 42; Rue v. Chicago, 66 Ill. 256; Rogers v. Co. Ct., 60 Mo. 101; State v. Judicial Dist., 17 Mont. 329, 42 Pac. 850; Smick v. Opdycke, 12 N. J. L. 347; Cherry v. Slade, 9 N. C. 400; Jackson v. People, 9 Mich. 111, 77 Am. Dec. 491; Wistar v. Ollis, 77 Pa. St. 291; Luke v. Schleger, 3 Kulp (Pa.) 505; Beyerly v. Hunger, 1 Woodw. (Pa.) 354; State v. Newport, 18 R. I. 381; Castner v. Fanning, 3 Kulp, 17; Leis v. Yost, 1 Woodw. (Pa.) 15; Donohue v. McGroarty, 1 Kulp, 238; Reg. v. Gillyard, 12 Q. B. 527; Reg. v. Cheltenham, 1 Q. B. 467).

The term writ of review as used in the prayer of the petition should, with leave of court, be changed to "writ of certiorari." The last named writ always lies, while an appeal lies only where expressly granted by statute. (Rex v. Cashiobury, 3 Dowl. & R. 35; 1 Utah, 135). Certiorari issues even in states where the writ has been abolished, as in this State. (Thompson v. Nichols, 52 Nebr. 313; Moline v. Curtis, 38 Neb. 520; Palmer v. Palmer, 5 O. C. C. 242; Ewing v. Hollister, 7 Ohio, 138; Herf v. Shulze, 10 Ohio, 263; Butler v. Baker, 2 O. St. 326; Schooner v. Dowlin, 4 O. St. 500; In re Collier, 6 O. St. 55; Hobbs v. Beckwith, 6 O. St. 252; Comm'rs. v. Jenkins, 19 O. St. 348; U. S. v. Collier, 6 O. St. 61; Galloway v. Stophlet, 1 O. St. 434; Gilliland v. Sellers, 2 O. St. 223).

PER CURIAM.

This is an original application to this court for a writ
of review for the review of certain proceedings in the Dis-
trict Court of Platte County in a certain case of record in
that court wherein the State of Wyoming was plaintiff and
Margaret Kelsey was defendant. It will be observed that
neither of the parties to the suit are made parties to the
proceeding here. (18 Ency. Pl. & Pr. 1008; 34 Cyc. 1710).
The constitution gives this court "power to issue writs of
mandamus, review, prohibition, habeas corpus, certiorari,
and other writs necessary and proper to the complete exer-
cise of its appellate and revisory jurisdiction." (Const., Art.
V, Sec. 3). We have no statute regulating or providing for
proceedings with reference to the issuance of a writ of re-
view, and the writ was unknown at the common law. Such
a writ can only issue in conformity to statute providing a
method of procedure for that purpose. (34 Cyc. 1696).
Until such method of procedure is prescribed by statute
the provision of the constitution relative to writs of review
remains inactive. The provision of the constitution con-
ferring upon this court power to issue the writ when con-
sidered as distinct from appellate jurisdiction, i. e. for the
purpose of a re-examination of the issues of law and fact
in a particular case, is unaided by any statute prescribing a
method of procedure. The appellate jurisdiction of this
court is ample and the method of invoking the same is
clearly pointed out by statute. (Chap. 326, Page 1209,
Comp. Stat. 1910). Although writs of error and certiorari
have been abolished in this jurisdiction, transcripts of pro-
ceedings in the lower court may be compelled to be furn-
ished upon petition in error as fully as heretofore under
writs of error and certiorari. (Sec. 5130, id.). The appli-
cation is denied.