STATE OF HAWAII, Plaintiff-Appelle, *v.* EDWARD KEN ONISHI, also known as Eddie Onishi, Defendant-Appellant

NO. 7538

CRIMINAL NO. 48683

NOVEMBER 27, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per curiam.* Defendant-appellant Edward Ken Onishi (hereinafter "appellant") seeks a reversal of his conviction by a jury of four counts of promoting drugs in violation of HRS §§ 712-1242(1)(c), 712-1245(1)(c) and 712-1247(1)(f) (1976), contending that he was denied his constitutional right to the effective assistance of counsel[1]

---

[1] Sixth amendment of the United States Constitution and art. I, § 14 of the Hawaii Constitution.

at both his trial and his subsequent post-conviction hearing under Rule 40, Hawaii Rules of Penal Procedure. From the order denying post-conviction relief, this appeal ensued. For the reasons set forth below, we affirm.

We discuss appellant's alleged errors worthy of consideration.

Appellant alleges that his counsel failed to impeach the two federal drug enforcement agents who testified against him at trial. The agents testified that they first approached appellant on October 2, 1975 to ask him to act as an informant. Appellant contends that he was in jail on that date, and his counsel did not introduce evidence of his incarceration.

Defense counsel's tactical decisions at trial normally will not be questioned by a reviewing court. *State v. Antone*, 62 Haw. 346, 352, 615 P.2d 101, 106 (1980); *State v. Gutierrez*, 1 Haw. App. 268, 271, 618 P.2d 315, 317 (1980). Lawyers are permitted broad latitude to make on-the-spot strategic choices in the course of trying a case. *State v. El'Ayache*, 62 Haw. 646, 649, 618 P.2d 1142, 1144 (1980); *State v. Antone, supra* at 352, 615 P.2d at 106.

For good reason, defense counsel chose not to introduce evidence of appellant's incarceration to avoid its possible prejudicial effect upon the jury. Besides, appellant was only in jail between 1:40 p.m. and 3:20 p.m. on October 2, 1975. The establishment of his confinement would hardly serve to impeach the agents' testimony. We find that the judgment of defense counsel to refuse to impeach the agents was a valid tactical choice.

Defense counsel's decision not to call appellant's wife and parole officer to establish that the federal agents changed their testimony regarding the date of their first meeting with appellant was also a legitimate tactical choice. He instead called appellant and his parole officer to prove that the initial contact between appellant and the agents took place on September 24, 1975 and not on October 2, 1975.

In addition, appellant charged that defense counsel at the post-conviction hearing made procedural and substantive errors in presenting his case. Specifically, appellant asserts that counsel made mistakes in subpoenaing witnesses and presenting evidence of the time appellant spent in police custody.

The burden of establishing ineffective assistance of counsel is on the appellant. *State v. Antone, supra* at 348, 615 P.2d at 104. He must

establish: (1) that defense counsel committed specific errors reflecting counsel's lack of skill, judgment or diligence and (2) that these errors resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. *Id.* at 348-49, 615 P.2d at 104.

Appellant has not met his burden. We find no merit to his argument.

Appellant's final allegations involve defense counsel's failure to call certain witnesses. The decision whether to call witnesses in a criminal trial is normally a matter within the judgment of counsel and, accordingly, will rarely be second-guessed by judicial hindsight. *State v. El'Ayache, supra* at 649, 618 P.2d at 1144; *State v. McNulty,* 60 Haw. 259, 270, 588 P.2d 438, 446 (1978), *cert. denied,* 441 U.S. 961 (1979).

Defense counsel did not call as witnesses appellant's counsel at trial, who could have attested to his failure to introduce evidence of appellant's incarceration, and appellant's parole officer, who could have testified to a conference with the federal agents. Instead, defense counsel chose to concentrate his defense on the testimony of the appellant, appellant's wife, and a police officer to establish that appellant first met with the federal agents on September 24, 1975 and was working for them in his drug dealings ever since that date. Our review of the record leads us to conclude that defense counsel made an appropriate strategic decision in his selection of witnesses.

We therefore conclude that appellant was not denied the constitutional right to effective assistance of counel at trial or at the post-conviction proceeding.

Affirmed.

*Barbara Lee Melvin* on the briefs for defendant-appellant.

*Melvin Y. Agena,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellee.