The STATE of Wyoming, Petitioner,

v.

R.B. DENHARDT, Judge, Fremont County Court, Lander, Wyoming, Respondent.

No. 88–18.

Supreme Court of Wyoming.

Aug. 30, 1988.

---

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Cheyenne, and John C. Brackley, Deputy County and Pros. Atty., Lander, for petitioner.

Donald L. Legerski, Lander, for respondent.

Before CARDINE, C.J., THOMAS, URBIGKIT and MACY, JJ., and BROWN,* J., Retired.

THOMAS, Justice.

Section 12–6–102(a), W.S.1977 (July 1986 Repl.), provides:

"(a) No adult shall transport, or have in his possession or control, any alcoholic liquor or malt beverage, with the intent of furnishing the same to any minor, while operating or occupying a motor vehicle."

The sole and specific issue in this case is whether the legislature intended the phrase "while operating or occupying a motor vehicle" to modify the word "adult" or the word "minor." An incidental question is presented as to whether the statute may be void for vagueness. The judge of the County Court for Fremont County ruled that the phrase modified the word "minor" and that an information charging a violation of the statute must allege that a minor was "operating or occupying a motor vehicle." We agree with the interpretation of the statute made by the county court judge and affirm his Order Denying Issuance of Summons.

The State of Wyoming in its Petitioner's Brief in support of its Application for Writ of Certiorari, states its position in this way:

"Wyoming's Statute Section 12–6–102(a) could be more comfortably worded. However, as written, it clearly prohibits adults from transporting alcoholic beverages in a motor vehicle when the adult intends to deliver the alcohol to minors (wherever the minors are located)."

* Retired June 30, 1988.

1. Section 12–6–101(a), W.S.1977 (July 1986 Repl.), provides:
   "Every person who sells, furnishes, gives or causes to be sold, furnished or given away

The county court judge, in the Brief of Respondent, asserts that the issue is:

"Does the phrase 'while operating or occupying a motor vehicle' in Section 12–6–102(a) W.S.1977 apply to the word 'minor' or to the word 'adult' in said statute?"

Deputies of the office of the Fremont County sheriff, upon observing a car parked on a rural road near Lander, Wyoming, stopped to investigate the circumstances. They discovered that there were six people in the car: James H. Stewart, who was in the driver's seat, another nineteen-year old man and four minor girls. From the occupants of the motor vehicle, who were interviewed separately, the deputies learned that Stewart and the male passenger had picked up the girls in Lander. Stewart then drove to a liquor store, and he and the other male jointly purchased some beer and some tequila. The two men then shared the beer with the minor girls while they were driving around in the vicinity of Lander. All six occupants admitted that they had been drinking the alcoholic beverages while traveling in the car.

From the petitioner's brief, we learn that the male passenger was charged with a violation of § 12–6–101(a), W.S.1977 (July 1986 Repl.), which makes it an offense to furnish alcohol to a minor, and he entered a plea of guilty to that offense.[1] Stewart was not charged with furnishing alcohol to a minor in violation of § 12–6–101(a), but, instead, he was charged with a violation of § 12–6–102(a). The pertinent language of the charging information reads:

"1. The defendant, JAMES H. STEWART, JR.;

"2. On or about November 22, 1987;

"3. In Fremont County, Wyoming;

"4. Did unlawfully transport alcoholic liquor or malt beverages;

"5. With intent of furnishing same to a minor;

any alcoholic liquor or malt beverage to any person under the age of nineteen (19), who is not his legal ward, medical patient or member of his own immediate family, is guilty of a misdemeanor."

"6. While operating a motor vehicle; * * *."

The disparity in treatment of the male passenger and Stewart is not explained, but it is clear that, if Stewart properly was charged with furnishing alcohol to minors while operating a motor vehicle, the passenger logically could have been charged with furnishing alcohol to minors while occupying the motor vehicle.

The judge of the Fremont County court refused to issue a summons on the information, ruling that the charge was insufficient because the State failed to allege that a minor was operating or occupying a motor vehicle. The State of Wyoming, acting through the office of the County Attorney for Fremont County, responded to the position of the county court by filing with this court an Application for Writ of Certiorari. In accordance with the order granting the Application for Writ of Certiorari, a Response to Application for Writ of Certiorari was presented by the judge of the Fremont County court, and a Petitioner's Brief and a Brief of Respondent subsequently were filed. The position of the judge of the Fremont County court is that the intent of the Wyoming state legislature was to address the evil of providing alcohol to a minor who was driving, or potentially might be driving, a motor vehicle and, in the alternative, that § 12–6–102(a), is unconstitutionally vague.

█ When we have occasion to interpret or construe a statute, it is our duty to discern legislative intent. *State ex rel. Motor Vehicle Division v. Holtz*, 674 P.2d 732 (Wyo.1983). The intent of the legislature will be ascertained as nearly as possible from the language incorporated in the statute, which must be viewed in light of its objective and purpose. *Department of Revenue and Taxation, Motor Vehicle Division v. Andrews*, 671 P.2d 1239 (Wyo. 1983). We follow the rule that, if the language of the statute is clear and unambiguous, we must accept and apply the plain meaning of that language. *Phillips v. State*, 760 P.2d 388 (Wyo.1988); *Deloges v. State ex rel. Worker's Compensation Division*, 750 P.2d 1329 (Wyo.1988); *State ex rel. Motor Vehicle Division v. Holtz*, supra. Even so, we refuse to interpret or construe a statute to the end that an absurd or unjust result is produced. If the plain meaning of the statute leads to an absurd or unjust result, the court must seek a construction that will implement the intent of the legislature.

The application of commonly accepted rules of grammar would indicate that, by the proviso found in § 12–6–102(a), which reads,

"[n]o adult shall transport, or have in his possession or control, any alcoholic liquor or malt beverage, with the intent of furnishing the same to any minor, while operating or occupying a motor vehicle,"

the legislature intended the phrase "while operating or occupying a motor vehicle" to modify the word "adult." Since the phrase is set off by a comma, it is a dangling elliptical clause unless it is assumed to refer to "adult," which is the subject of the main clause. J. Hodges & M. Whitten, Hodge's College Handbook (7th ed. 1972). In contrast, if the comma were not there, the phrase would modify the word "minor." While it is true that a court does not sit as a "panel of grammarians" to review statutes, neither is the judiciary permitted to regard ordinary principles of English prose as irrelevant when construing a statute. *Flora v. United States*, 362 U.S. 145, 150, 80 S.Ct. 630, 633, 4 L.Ed.2d 623, reh. denied 362 U.S. 972, 80 S.Ct. 953, 4 L.Ed.2d 901 (1960). Individual members of this court have previously noted this concept. *Battlefield, Inc. v. Neely*, 656 P.2d 1154 (Wyo. 1983) (Thomas, J., dissenting); *Matter of Voss' Adoption*, 550 P.2d 481 (Wyo.1976) (Guthrie, C.J., dissenting, with whom McClintock, J., joined). See also *Kindler v. Anderson*, 433 P.2d 268 (Wyo.1967).

Were we to assume that the legislature intended the phrase to modify the word "adult," the logical resolution is that the legislature meant to punish those who transport liquor in a car with intent to deliver to a minor more harshly than those who actually furnish the liquor to a minor. This effect would ensue by virtue of the penalty for violation of § 12–6–102(a),

which is "a fine of not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000), imprisonment in the county jail for not more than one (1) year, or both." Section 12–6–102(b). (The statute also provides for suspension of the driver's license of a person who operates a vehicle in violation of this section for up to one year.) The contrasting penalty for a violation of § 12–6–101(a), forbidding the furnishing of alcohol to a minor, is only "a fine of not more than seven hundred fifty dollars ($750), imprisonment for not more than six (6) months, or both." The more severe punishment provided for what essentially is an attempt to furnish liquor to a minor as compared with actually furnishing liquor to a minor is an absurd and unjust result. As the court said in *Oakley v. State*, 715 P.2d 1374, 1380 (Wyo.1986), "[t]his court seeks to avoid absurd results otherwise occasioned by strained interpretations." See also *Phillips v. State*, supra; *Deloges v. State*, supra; *State v. Sodergren*, 686 P.2d 521 (Wyo.1984). In honoring this principle, we must conclude that, despite the comma, the legislature intended the phrase "while operating or occupying a motor vehicle" to modify the word "minor" in § 12–6–102(a). An appropriate result is reached by such a construction.

An examination of legislative history relating to the bill that became § 12–6–102(a), demonstrates that this construction is consistent with that history. While often quite limited in this jurisdiction, it is true that legislative history frequently constitutes the most fruitful source of instruction with respect to the proper interpretation of the statute. *Flora v. United States*, supra. In 1963, three bills were proposed that dealt with transporting or possessing alcoholic beverages in a vehicle. House Bill 110, 37th Leg. (1963), would have prohibited a minor from transporting or possessing alcohol while operating or occupying a motor vehicle. House Bill 111, 37th Leg. (1963), would have prohibited an adult from transporting or possessing alcohol while occupying a motor vehicle. Neither of these bills passed. The language that is incorporated in § 12–6–102(a), was

first found in H.B. 112, 37th Leg. § 1 (1963), and read:

"No adult shall transport, or have in his possession or control, any intoxicating liquor, with the intent of furnishing the same to any minor, while operating or occupying a motor vehicle. *The presence of a minor fifteen (15) years of age or older in any motor vehicle in which intoxicating liquor is being transported by, or in the possession and control of, an adult,* * * * *is prima facie evidence of an intent to furnish liquor to a minor.*" (Emphasis added.)

The language that we have emphasized was deleted from the bill as passed, but it demonstrates that the legislature intended to address the furnishing of alcohol to a minor who was in a vehicle rather than simply transporting an alcoholic beverage with the intent to furnish it to a minor. As a final note, Senate File 4, 47th Leg.Spec. Sess. (1978), proposed to amend § 12–6–102(a) by making the section read:

"(a) No adult shall operate or occupy a motor vehicle while having possession or control over any intoxicating liquor or malt beverage, with the intent of furnishing the same to any minor."

The failure of this bill, which clearly deletes any indication that the minor be operating or occupying a motor vehicle, lends credence to the proposition that the legislature intended that to be an element of the offense. This, when taken together with the other background from the legislature, manifests an intent that is consistent with our construction.

■ The Fremont County court judge also suggests that § 12–6–102(a), may be unconstitutionally vague because reasonable persons are required to guess at its meaning. "A statute * * * is not considered vague to the extent of being unconstitutional merely because a reviewing court believes the statute could have been drafted with greater precision." *Caton v. State*, 709 P.2d 1260, 1270 (Wyo.1985), quoting *Keser v. State*, 706 P.2d 263, 266 (Wyo.1985). It is only when the statute "fails to give a person of ordinary intelligence fair notice that his contemplated con-

duct is forbidden by the statute" that the statute violates the requirement of clarity, which is a part of the right under the constitution to due process of law. *Keser v. State*, supra, at 265–266, quoting *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954). In any analysis of the question of whether a statute is so vague as to violate due process, we pursue an independent inquiry. *Caton v. State*, supra, at 1270. No reason appears which would raise any doubt that a man of ordinary intelligence must be aware that it is wrong to furnish alcohol to a minor and that it is even worse to furnish alcohol to a minor who is operating or occupying a vehicle. Section 12–6–101(a), prohibits furnishing alcoholic beverages to any minor under any circumstances except those listed in the statutes. Section 12–6–102(a), adequately serves notice to any man of ordinary intelligence that furnishing alcoholic beverages to minors who either are operating or occupying a motor vehicle is prohibited conduct. For this reason, § 12–6–102(a) cannot be considered as unconstitutionally vague.

We hold that the phrase "while operating or occupying a motor vehicle" modifies the word "minor" in § 12–6–102(a), and that the statute is not unconstitutionally vague. We agree with the position of the county court judge that, given that construction of the statute, it is necessary to allege that the minor was either operating or occupying a motor vehicle in order to pursue a prosecution under the statute.

The Order Denying Issuance of Summons, while perhaps unusual, is affirmed.