**Ralph R. STOGNER, III, Petitioner,**

v.

**STATE of Wyoming, Respondent.**

**No. 89–185.**

Supreme Court of Wyoming.

May 24, 1990.

---

Leonard D. Munker, State Public Defender and Jacalyn L. Bachlet, Asst. Public Defender, Cheyenne, for petitioner.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., Kaylin D. Kluge, Asst. Atty. Gen., Cheyenne, for respondent.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Ralph R. Stogner, III (Stogner), filed a Petition for Writ of Certiorari on August 16, 1989. On August 25, 1989, this court entered an order noting probable jurisdiction and granting the petition to review Stogner's claim that his appellate counsel failed to adequately represent him on appeal.

Petitioner raises the following issues:

I. Whether petitioner's appellate counsel failed to adequately represent him on appeal.

The Standard

A. Whether appellate counsel for petitioner was ineffective because he failed to bring issue of ineffectiveness of trial counsel.

The Standard

1. The Particular Facts Upon Which Claim of Inadequate Representation By Appellate Counsel Rests.

(a) Whether Counsel was ineffective at the trial level.

(1) Failure to Timely File

(2) Lack of Due Diligence

(3) Failure to Call Essential Witnesses

(b) Whether Counsel's ineffectiveness at the trial level prejudiced petitioner's defense.

2. The rule of law transgressed.

3. Adverse effect upon a substantial right.

B. Whether petitioner Stogner was prejudiced at the appellate level due to appellate counsel's failure to bring the issue.

II. Whether the supreme court failed to properly review on appeal.

In opposition to these contentions, the appellee, State of Wyoming (State), provides this statement of the issues:

Respondent objects to Petitioner's phrasing and expansion of the issues beyond those specifically delineated in the Wyoming Supreme Court's Order dated August 25, 1989 granting Petitioner's petition for writ of certiorari. The issues which the Wyoming Supreme Court has confined this proceeding to are:

1. Whether petitioner's appellate counsel failed to adequately represent him on appeal in presenting issues of ineffectiveness of trial counsel which are intended to include: (1) failure to timely file motion [to present evidence of victim's prior sexual conduct]; (2) lack of

due diligence [in inquiring into victim's prior sexual conduct]; and (3) failure to call essential witnesses [who could have corroborated the testimony of one witness who was available to testify to victim's prior sexual conduct], which errors petitioner now contends in post-conviction relief to have prejudiced his trial defense from which denial of petition for post-conviction relief this appeal is taken by Petition for Writ of Certiorari?

2. Whether the Wyoming Supreme Court failed to properly review on appeal.[1]

Stogner contends he has a right to a new trial or a reversal of his conviction; however, we will deny relief.

### THE WRIT OF CERTIORARI

To clarify the court's reasoning for granting this writ of certiorari, it is perhaps appropriate to consider the historical development of the writ.[2] *See* Wyo.Const. art. 5, § 3. The State of Wyoming celebrates its 100th year of statehood this year, and it. was in our State Constitution, adopted in 1890, that the authority of this court to grant writs of certiorari was established.[3]

We granted certiorari in this case to address petitioner's claim that he was a victim of ineffective assistance of counsel on appeal. This is an issue which has been repeatedly raised in this court in recent years and resolution of the issue is of great public importance.[4] Moreover, it is an issue of constitutional magnitude. A district court's ruling on the admission of evidence is discretionary and the issue is not susceptible of full review on appeal. Finally, we have adopted a rule which treats the issue of effective assistance of trial counsel as waived unless raised on direct appeal, and the issue is res judicata for purposes of its consideration upon petition for post-conviction relief.[5] *Kallas v. State,* 776 P.2d 198 (Wyo.1989); *Amin v. State,* 774 P.2d 597 (Wyo.1989); *Campbell v. State,* 772 P.2d 543 (Wyo.1989). For these reasons, we shall give substantive consideration to petitioner's issues.

### FACTS

This court reviewed Stogner's conviction

1. Paragraphs 1 and 2 of the state's statement of the issues quote the issues this court identified in the order granting the petition.

2. The historical development is appended for easy reference. This analysis does not include a consideration of writs granted under W.S. 5-2-119 (Cum.Supp.1989) and W.R.A.P. 13.

3. Wyoming's 1886 session laws provided:

Writs of error and certiorari to reverse, vacate or modify judgments or final orders in civil cases are abolished; but courts shall have the same power to compel transcripts of the proceedings, containing the judgment and final order sought to be reversed, to be furnished or perfected as they heretofore had under writ of error and certiorari.

1886 Wyo.Sess.Laws ch. XII, § 801. The exact limits of this statute are not clearly understood, but there apparently was very little call for the Wyoming Supreme Court to interpret the statute, which remained extant even after the adoption of the Wyoming Constitution.

4. One need only review the Annotation, *Adequacy of Defense Counsel's Representation of Criminal Client Regarding Appellate and Postconviction Remedies,* 15 A.L.R.4th 582 (1982), to get some flavor of the enormous number of cases this issue has generated.

5. It should be noted at this juncture that the statute which governs claims that are barred in petitions for post-conviction relief matters was amended in 1988. 1988 Wyo.Sess.Laws ch. 46, § 1; and *see,* 1989 Wyo.Sess.Laws ch. 17, § 1. It now includes the following provision which became effective June 9, 1988. Stogner's original petition for post-conviction relief was filed pro se on December 9, 1987. The district court appointed the public defender to represent Stogner on April 22, 1988, and an amended petition for post-conviction relief was filed on December 19, 1988, which raised the issue of ineffective assistance of counsel on appeal. The district court denied relief on this issue and dismissed the petition in its entirety on March 15, 1989. Stogner's petition for writ of certiorari was filed in this court on August 16, 1989.

W.S. 7-14-103 (Cum.Supp.1989), states in pertinent part:

(b) Notwithstanding paragraph (a)(i) of this section [which bars claims which could have been raised on direct appeal], a court may hear a petition if:

\* \* \* \* \* \*

(ii) The court makes a finding that the petitioner was denied constitutionally effective assistance of counsel on his direct appeal. This finding may be reviewed by the supreme court together with any further action of the district court taken on the petition.

for first-degree sexual assault[6] in 1984. Briefly, the facts are that:

> [o]n June 8, 1982, [Stogner] confronted victim with a gun at a store in Rock Springs where she was working and forced her to accompany him to a trailer house where he bound and gagged her and committed multiple sexual assaults on her. The case was set for trial on March 29, 1983. On March 23, 1983, [the State] filed a motion in limine to prevent introduction of evidence of the prior sexual conduct of the victim. On March 25, 1983 [Stogner] filed a motion for hearing on the admissibility of evidence pertaining to the prior sexual conduct of the victim, contending that he received information on March 24, 1983, that the victim had engaged in acts of prostitution in the past and that such evidence was necessary to support his defense to the sexual assault charge, i.e., that the sexual acts were engaged in voluntarily by the victim in anticipation of payment for them.

*Stogner v. State*, 674 P.2d 1298, 1299 (Wyo.1984). Additional facts of consequence to the issues presented include these: Stogner filed a motion for continuance the day before trial, contending the prosecuting attorney interfered with a material witness who would have testified to the victim's prostitution activities and that he needed more time to rehabilitate the witness, as well as to develop testimony from other witnesses to bolster his theory of defense. He relies heavily on the trial court's denial of the motion. The denial was based, in part, upon defense counsel's failure to timely file a motion to present evidence of the victim's prior sexual conduct,[7] as well as the fact that Stogner's counsel did not exercise due diligence in obtaining evidence of the victim's alleged past activities as a prostitute. *Stogner*, 674 P.2d at 1301. The same counsel defending Stogner at trial represented him in the original appeal; incompetence at trial was not raised as an issue.

## DISCUSSION

This court's definitive opinion on the issue of ineffective assistance of appellate counsel is *Cutbirth v. State*, 751 P.2d 1257 (Wyo.1988). There, we held that ineffective assistance of counsel on appeal is not an issue which can be foreclosed as a matter of waiver or default because it is not an issue that could have been raised in the initial appeal. *Id.* at 1263. In resolving this issue, we adopted the "effective assistance of counsel" test from *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh'g denied 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984).[8] *See, e.g., Frias v. State*, 722 P.2d 135 (Wyo. 1986).

In *Cutbirth* this court established a more clearly defined standard so as to avoid ad hoc decisions and the necessity to proceed contrary to our waiver rule in future cases:

> We conclude that the issue of whether counsel's performance was constitutionally deficient * * * should be analyzed in much the same way that this court has analyzed the concept of plain error. In submitting a claim of deficient representation by appellate counsel, the petitioner in the post-conviction proceeding must demonstrate to the district court, by reference to the record of the original trial without resort to speculation or equivocal inference, what occurred at the trial. The particular facts upon which the claim of inadequate representation by appellate counsel rests must be presented. The petitioner then must identify a clear and unequivocal rule of law which those facts demonstrate was transgressed in a clear and obvious, not merely arguable way. Furthermore, the petitioner must show the adverse effect upon a substantial

---

6. Stogner was charged under W.S. 6–4–302(a)(i) (Cum.Supp.1978) (now W.S. 6–2–302(a)(i) (June 1988 Repl.)).

7. *See* W.S. 6–4–312 (Cum.Supp.1978) (now W.S. 6–2–312 (June 1988 Repl.)).

8. It must be demonstrated that counsel's representation was deficient by showing errors were made that were so serious that counsel was not functioning in accordance with the constitutional guarantee, and furthermore, the deficient performance prejudiced the appellant.

*Cutbirth*, 751 P.2d at 1263–64.

right in order to claim that the performance of appellate counsel was constitutionally deficient because of a failure to raise the issue on appeal. The adverse effect upon a substantial right in the context of ineffective assistance of appellate counsel is shown by demonstrating a " * * * reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." In this regard the test does address the fairness and integrity of the judicial proceedings. The reasonable probability must be one that demonstrates a more favorable result to the appellant if the omitted issue had been pursued.

*Id.* at 1266–67 (citations omitted). *See also Murray v. State,* 776 P.2d 206, 209 (Wyo. 1989).

The following matters are raised as the basis for Stogner's assertion of ineffective assistance of counsel:

1. Defense counsel failed to timely file a motion to admit evidence of the victim's ·prior sexual conduct. W.S. 6–4–312.

2. Defense counsel had a long time to prepare Stogner's defense, but was tardy in discovering evidence of the victim's past sexual conduct and reputation. Stogner had claimed as his defense, since the day of his arrest, that the victim was a prostitute. Also, since he had no other evidence with which to defend himself, it was his word against that of the victim's at trial. Stogner suggests that since Rock Springs is a small town, a competent investigator should have been able to uncover this evidence.

3. Defense counsel failed to call essential witnesses, such as Karen Singleton and Wendell House, intimated as the victim's "man" (pimp?). Singleton's testimony about the victim's prior sexual conduct was excluded because the motion to use it was untimely and because the conduct was remote in time)

## FAILURE TO TIMELY FILE MOTION

██ Wyoming, along with most other jurisdictions, enacted a "rape-shield" statute to bring under control a long-standing tradition that rape victims could be discredited as witnesses based on prior sexual conduct. W.S. 6–4–312 (Cum.Supp.1978). This tradition was based on the faulty notion that women who engaged in nonmarital intercourse were immoral and likely to engage in such conduct on any given occasion, and was deemed prejudicial and humiliating to the victim. Annotation, *Constitutionality of "Rape Shield" Statute Restricting Use of Evidence of Victim's Sexual Experiences,* 1 A.L.R.4th 283, 286 (1980). These statutes have, almost without exception, been found to be proper and constitutional, both facially and as applied. *Id.* at 287.

This court applied the rape-shield statute in *Velos v. State,* 752 P.2d 411, 414–15 (Wyo.1988), holding that the victim's prior sexual behavior was irrelevant to the defendant's defense of mistaken identity. We held such evidence may not be used to attack a victim's credibility. *See also* W.R.E. 608(b).

In *Heinrich v. State,* 638 P.2d 641, 646 (Wyo.1981), this court held the rape-shield statute protected the *victim* from embarrassment and abuse at trial and also encouraged the reporting of sexual assaults to the authorities. We emphasized the evidence at issue in that case would not likely have been admissible in any event, suggesting rather clearly that the law in Wyoming is that such evidence is generally *not* admissible. *Id.,* citing Annotation, *Modern Status of Admissibility, in Forcible Rape Prosecution, of Complainant's Prior Sexual Acts,* 94 A.L.R.3d 257, 265 (1979). *See also* Annotation, *Modern Status of Admissibility, in Forcible Rape Prosecution, of Complainant's General Reputation for Unchastity,* 95 A.L.R.3d 1181 (1979) (the reader will note that virtually all cases cited in the August 1989 *Latest Case Service* stand for the proposition that such evidence is generally inadmissible).

In *Heinrich,* the court held that the district court committed error in failing to

follow the procedures required by the rape-shield statute, but concluded that the error did not affect substantial rights of the defendant or prejudice him and, therefore, could not be considered *plain error. Id.* at 645–46. In *Weddle v. State*, 621 P.2d 231, 238–39 (Wyo.1980), we indicated that failure to follow the procedure required by the rape-shield statute was of significance, even at the preliminary hearing stage, and could be fatal to the introduction of such evidence.

At the hearing on petitioner's motion to introduce evidence of the victim's prior sexual conduct, the district court made it clear that the motion was being denied because of untimeliness and remoteness in time of the conduct. *Weathers v. State*, 652 P.2d 970, 972 (Wyo.1982); *Taylor v. State*, 642 P.2d 1294, 1295 n. 5 (Wyo.1982); *Lonquest v. State*, 495 P.2d 575, 583 (Wyo.1972), *cert. denied*, 409 U.S. 1006, 93 S.Ct. 432, 34 L.Ed.2d 299.

Because the prior sexual conduct evidence was held inadmissible due to remoteness as well as untimeliness, a timely motion would have been similarly denied. Although Stogner's counsel should have met the statutory filing requirement, Stogner cannot show any adverse effect on a substantial right. Because this evidence was otherwise inadmissible, no reasonable probability exists that the result would have been different had the motion been filed on time. Decisions as to remoteness of evidence, and hence its admissibility, rest in the sound discretion of the trial court and will be upheld absent a clear abuse of discretion.

### FAILURE TO DISCOVER OTHER WITNESSES

■ The only evidentiary material attached to the petition was Stogner's affidavit which stated the conclusion that he had been denied effective assistance of counsel. W.S. 7–14–102(b) (June 1987 Repl.), requires a petitioner to attach, "affidavits, records or other evidence supporting the allegations or [petitioner] shall state why the same are not attached." There are no affidavits from additional witnesses that

could or should have been called. The only suggestion of an additional witness is the name of Wendell House who, according to Karen Singleton, had been the victim's "man" (pimp?) back in 1978. If evidence of some sort could have been obtained from him, it would have suffered from the same remoteness problem as that of Karen Singleton's. Stogner asserts that in a small town like Rock Springs a competent attorney should have been able to uncover some witnesses on this matter of prostitution, yet he himself can offer no names of witnesses that should have been called. On the other hand, the state provided an affidavit from Stogner's counsel that stated an experienced investigator had been used to inquire into the victim's background; the investigator was unable to uncover the sort of evidence, i.e., prostitution, that Stogner claims existed. A letter from Stogner's counsel answering to a grievance, filed by Stogner with the Grievance Committee of the Wyoming State Bar, was also appended to the state's response and it contained essentially the same information as the affidavit. The district court made detailed findings concluding that Stogner's counsel had not been ineffective at trial or on appeal.

■ The inevitable conclusion is that there simply were no additional witnesses that could or should have been called by defense counsel. The petitioner's allegations to the contrary are unsupported by anything in the record and rely totally upon speculation. A claim of ineffective assistance of counsel cannot be premised upon the failure to call witnesses where none exist or where the witnesses are not called for sound reasons. *Laing v. State*, 746 P.2d 1247, 1249–50 (Wyo.1987). *See People v. Dillard*, 680 P.2d 243, 245 (Colo.App. 1984); *State v. Onishi*, 64 Haw. 62, 636 P.2d 742, 744 (1981).

### FAILURE TO CALL ESSENTIAL WITNESSES

We will not belabor this third point because, as noted above, the record demonstrates no other witnesses were, or have been, discovered that counsel should have

called. Stogner asserts Karen Singleton and Wendell House were essential witnesses, but as we have already concluded, Singleton's testimony was properly barred on grounds of remoteness, as well as failure to comply with the rape-shield statute. Wendell House's testimony would likely have met that same fate if he had been found and called as a witness. Even if the motion to introduce such testimony had been timely filed, we conclude that their testimony could have been excluded because a district court could properly conclude that the probative value of the evidence was outweighed by the probability that admission would have created prejudice. W.S. 6-4-312(a)(iv). Again, with respect to this issue, Stogner's argument does not meet the test established in *Cutbirth.*

## CONCLUSION

Stogner has failed to demonstrate facts which occurred at his trial and support a claim of ineffective assistance of counsel, or that counsel improperly failed to raise errors they made at trial in Stogner's original appeal. Stogner is in the position of having to rely on rulings of the district court that were discretionary and proper under established rules of law. Moreover, Stogner cannot demonstrate that the result of his trial would have been different had the errors he alleges not occurred. The jury had more than sufficient facts before it to rationally find Stogner guilty beyond a reasonable doubt.

The order of the district court denying Stogner relief on his petition for post-conviction relief is affirmed.

URBIGKIT, J., filed a specially concurring opinion.

## APPENDIX

• *Kelsey v. District Court,* 22 Wyo. 297, 139 P. 433 (1914).

This court concluded that writs of certiorari and error were abolished, but the petition in error was still vital, pursuant to the 1886 statute found in W.S. 5130 (1910).

The petitioner sought a writ of review challenging the jurisdiction of the district court to enter judgment committing his daughter to the Home of the Good Shepherd in Denver. The court determined there was no statute giving the writ of review vitality, and it was denied.

• *City of Sheridan v. Cadle,* 24 Wyo. 293, 157 P. 892 (1916).

The court described the writ as discretionary, saying it could not be used arbitrarily or capriciously and held the writ would not issue if another adequate remedy was available. The opinion identified certiorari as a tool to keep trial courts within the bounds of their jurisdiction and concluded the district court had jurisdiction of a quasi-criminal appeal from a municipal court. The writ was denied.

• *State v. Dahlem,* 37 Wyo. 498, 263 P. 708 (1928).

This court held the 1886 enactment limiting use of certiorari[1] void because our Constitution, adopted after the statute of 1886, authorized use of certiorari, as well as other writs. Wyo.Const. art. 5, § 3. *Dahlem* questioned the jurisdiction of the governor to remove a sheriff from office for unlawful removal and disposal of whiskey and, though we recognized our power to issue the writ, we declined to grant relief, finding the governor did have jurisdiction.

• *Call v. Town of Afton,* 73 Wyo. 271, 278 P.2d 270 (1954).

The court held a common law writ of certiorari is not available and denied a remedy through use of the writ to a party who had lost his right of appeal by lack of diligence.

• *State ex rel. Pearson v. Hansen,* 409 P.2d 769 (Wyo.1966).

The court again described the writ as discretionary and issuable only where no other adequate remedy exists and that injunction was available only in criminal matters when there is an attempt to enforce an unconstitutional law and its enforcement will result in irreparable injury. We de-

---

**1.** *See* W.S. 6392 (1920).

clined use of certiorari and permitted removal proceedings against then Adjutant General Pearson to go forward, noting the proceedings were not criminal and a claim to the contrary was speculative and could be determined only when a criminal sanction was enforced.

• *Rocky Mountain Oil and Gas Association v. State,* 645 P.2d 1163 (Wyo.1982).

Though certiorari was not used, the proposition was restated that this court may properly address incidental questions not raised by parties but which are bound to rise again in the case. The court indicated W.R.A.P. 12.12 [2] authorizes use of certiorari, though other remedies are available.

• *City of Laramie v. Mengel,* 671 P.2d 340 (Wyo.1983).

By now the court was using certiorari more frequently to redress issues of great importance. Certiorari was granted to review a municipal judge's decision that W.S. 31–6–105(f) (1977) was unconstitutional (violation of a defendant's fifth amendment right against self-incrimination to require submission to sobriety test). Some jurisdictions limit certiorari to a use that merely tests the exercise of jurisdiction by subordinate courts, but we held that prohibition filled that purpose and, in creating both prohibition and certiorari, the framers of our constitution must have intended some different function for each and did not intend to limit certiorari as it was used under common law. The case was identified as one which required review to prevent a failure of justice and needed conclusive resolution; issuance of the writ was consistent with the discretionary nature of certiorari because the city had no appeal from the order of the municipal judge; the ruling was of great importance to the entire state and a question of first impression; and the issue was of constitutional magnitude. We

reversed the municipal court's determination.

• *Stamper v. State,* 672 P.2d 106 (Wyo. 1983).

Certiorari was granted to review a nonappealable district court order denying the defendant's motion for dismissal of the complaint on double jeopardy grounds. The writ was granted to afford the defendant redress of his double jeopardy claim *before* exposure occurred. We held the double jeopardy claim was without merit and remanded.

• *State v. Heiner,* 683 P.2d 629 (Wyo. 1984).

Certiorari was granted to the state to review a district court's order suppressing evidence collected by investigators for an insurance company in an arson case. In justifying use of the writ the court said:

> [T]he rulings of the district court were premised upon constitutional grounds, which results in the presentation to this court of issues of constitutional magnitude. Whether constitutional protections with respect to inculpatory statements of an accused and evidence obtained from the person or property of the accused are to be extended to private individuals is a significant question of first impression in the State * * *. Consequently, we conclude that because of the importance of the evidence suppressed or the use of which is potentially denied to the State * * *; the constitutional magnitude of the issues raised; and the importance of determining the rule with respect to such matters in the State * * *, [we] appropriately exercised [our] discretion in granting * * * certiorari in this case.

*Id.* at 632–33. We held the court had erroneously suppressed the evidence, dissolved the stay of proceedings, and remanded. Heiner pled guilty to a lesser included of-

2. **Rule 12.12. Relief available by independent action.**

The relief, review, or redress available in suits for injunction against agency action or enforcement thereof, in actions for recovery of money, in actions for a declaratory judgment of rights, status, or legal relations based

on administrative action or inaction, in actions for mandamus to compel administrative action, and in applications for writs of certiorari and prohibition to review or prevent administrative action shall be available by independent action notwithstanding any petition for review filed.

fense of arson and was placed on probation.

• *State v. Sodergren,* 686 P.2d 521 (Wyo. 1984).

Certiorari was granted to review a district court order dismissing manslaughter charges against a defendant who, through gross negligence, caused the deaths of two persons in an automobile accident. The court held that the vehicular homicide statute [3] preempted the state from trying the defendant for manslaughter. We determined the issue was of constitutional magnitude and of great public import; however, the bar was served notice that the court would exercise its discretion to grant certiorari under unusual circumstances and on rare occasions only. *Id.* at 528. The vehicular homicide statute was held to be unconstitutional and the case was remanded for trial on the manslaughter charges; Sodergren was convicted. *Sodergren v. State,* 715 P.2d 170 (Wyo.1986).

• *Kobos v. Sugden,* 694 P.2d 110 (Wyo. 1985).

Certiorari was granted to review a claim that the assigned district judge was biased and should be removed from a case. The court declined to grant relief.

• *Osborn v. Warner,* 694 P.2d 730 (Wyo. 1985).

Certiorari was granted to review a partial summary judgment which was not a final order. This was done to resolve issues in a partition of property case because of the possibility the petitioner might suffer irreparable damage by the partitioning before all claims could be disposed of and an appeal taken. Summary judgment was upheld and the case remanded.

• *Stamper v. State,* 701 P.2d 557 (Wyo. 1985).

Certiorari was granted for the same reason as the 1983 *Stamper* case. In the 1985 opinion, by unpublished order, the 1983 opinion was withdrawn because no criminal charges were actually pending in the earli-

er case. In 1985, such charges were pending and the case was decided in the same manner as in 1983.

• *Wright v. State,* 707 P.2d 153 (Wyo. 1985).

Certiorari was granted to review a troublesome policy question concerning abuse of discretion in sentencing. Wright's sentence had been affirmed on appeal. *Wright v. State,* 670 P.2d 1090 (Wyo.1983). This court reiterated the limited kinds of circumstances in which certiorari would be granted, citing some of the above cases. Certiorari was granted in *Wright* to prevent a failure of justice. Wright was convicted of unlawful delivery of marijuana and given a prison sentence of two to four years. He was twenty years old, a first-time felony offender, and an honor student at Sheridan College. A probation officer recommended probation, in part for the reasons outlined above, and in part because Wright sold a small amount of marijuana to undercover officers after they broached the subject with him as to where they might obtain drugs. *Wright,* 707 P.2d at 156–57. The sentencing practices of the district court were examined, and we held that denial of probation to Wright was a departure from the court's practice and unsupported by reasons discernable in the record. The case was remanded, directing Wright's sentence be suspended and he be placed on probation.

• *State v. District Court of the Second Judicial District,* 715 P.2d 191 (Wyo.1986).

Certiorari was granted to the state to determine the parameters of the substantive right to release on bail pending appeal and where the defendant had been granted bail.[4] Certiorari was granted because the state challenged the jurisdiction of the court to grant bail and because of the important constitutional and statutory issue whether there is a right to bail on appeal under Wyoming law. We upheld the grant of bail, holding that statutes provided for a substantive right of bail.[5]

---

3. W.S. 31–5–1117(b) (Cum.Supp.1980) (now W.S. 6–2–106(b) (June 1988 Repl.)).

4. *Story v. State,* 721 P.2d 1020 (Wyo.1986).

5. Since our decision in that case, §§ 7–11–507 and 7–11–511 have been repealed and our holding in this case may no longer reflect the status of current law.

• *Murry v. State,* 713 P.2d 202 (Wyo. 1986): and *Murry v. State,* 631 P.2d 26 (Wyo.1981).

A defendant's appeal was reinstated which had been dismissed because of untimely notice of appeal. The basis for our decision was a United States Supreme Court case which held that where a state creates an appeal of right, it denies due process to dismiss the appeal if dismissal results from ineffective assistance of appellate counsel. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821, *reh'g denied,* 470 U.S. 1065, 105 S.Ct. 1783, 84 L.Ed.2d 841 (1985). The effect of *Evitts* is that an attorney's mistake will not justify loss of the client's right of appeal. *Foote v. State,* 751 P.2d 884, 887 (Wyo.1988); *Price v. State,* 716 P.2d 324, 327 (Wyo.1986).

• *Yates v. State,* 723 P.2d 37 (Wyo.1986); *Martin v. State,* 720 P.2d 894 (Wyo.1986); and *Shepard v. State,* 720 P.2d 904 (Wyo. 1986).

Certiorari was granted; relief was denied, however, because none presented the rare and unusual circumstances required.

• *Tader v. Tader,* 737 P.2d 1065 (Wyo. 1987).

Certiorari was granted because of the importance of the issue, abrogation of interspousal tort immunity, despite the fact the order appealed from was a partial summary judgment. The concept of interspousal tort immunity was abrogated, both prospectively and retroactively, to any case not yet a final judgment.

• *Smizer v. State,* 763 P.2d 1254 (Wyo. 1988).

Appeal was dismissed, calling attention to W.S. 7–14–107 (Cum.Supp.1988), which provides that appellate review of post-conviction relief petitions must be sought by writ of certiorari. *See also* W.R.A.P. 13. The court stated that strict adherence to this procedure would be required. *Smizer* clarified there is no time limit on filing a petition for writ of certiorari except that found in W.R.A.P. 13.02, which applies only to an "order, decision or opinion of the district court in its appellate capacity."

• *State v. Denhardt,* 760 P.2d 988 (Wyo. 1988).

Certiorari was granted where the state had challenged a county court's decision to dismiss an information charging a defendant with furnishing alcoholic beverages to a minor who was operating or occupying a motor vehicle. The state has no right of appeal where a prosecution is frustrated by action of a lower court, but relief was not granted in *Denhardt* because this court agreed with the county court that the criminal information was deficient.

• *Carlson v. Langdon,* 751 P.2d 344 (Wyo.1988).

Certiorari was granted where the district court denied a motion to disqualify an attorney. Although not an appealable final order, this court found review by certiorari proper because: it was a serious and unsettled question in our jurisprudence; failure to resolve the question at an early stage could have resulted in injustice; the case involved an abuse of discretion; and, this court is charged with responsibility of supervising the conduct of Wyoming State Bar members. This court ordered that the subject attorney be disqualified from representing the specified client.

• *Loper v. Shillinger,* 772 P.2d 552 (Wyo. 1989).

Certiorari was granted to review a criminal defendant's claim that a sentence imposed for a crime committed while on parole should be presumed to run concurrently with the remainder of the original sentence reinstated by parole revocation. This court held that no such presumption exists.

• *Continental Insurance Company v. First Wyoming Bank,* 771 P.2d 374 (Wyo. 1989).

Certiorari was used to review a district court order requiring petitioner to divulge, in discovery, privileged documents. We held the district court acted in disregard of governing legal precepts and its actions constituted a gross miscarriage of justice. Moreover, we premised our action on our constitutional obligation to exercise general superintending control over lower courts. Wyo.Const. art. 5, § 2. This court directed

the case be assigned to another judge because of the presiding judge's apparent bias, holding that the district court erroneously required discovery of the documents.

• *V–1 Oil Company v. Honorable Robert B. Ranck*, 767 P.2d 612 (Wyo.1989).

Certiorari was granted to review the district court's order denying V–1's motion to stay proceedings in the Wyoming court until a parallel case filed in Utah was decided. V–1 filed a creditor's claim in an estate and then filed actions in both Utah and Wyoming because it was uncertain as to the meaning of the term "proper court" found in W.S. 2–7–718 (July 1980 Repl.). In order to correct an abuse of discretion, and to further the best interests of the administration of justice, this court granted relief and stayed the Wyoming action. In an older case a similar result was achieved by use of a writ of prohibition. *Osborne v. District Court of the Ninth Judicial District*, 654 P.2d 124 (Wyo.1982).

• *Gooder v. Roth*, 788 P.2d 611 (Wyo. 1990).

Certiorari was granted where this court determined that a district court's order granting the respondents a partial judgment on the issue of liability (an unappealable order which left only damages for decision) was unfounded, unreasonable and an abuse of the court's discretion. The district court granted the partial judgment as a sanction under W.R.C.P. 37(d) because petitioners allegedly failed to identify their expert witnesses for trial. The record did not justify the sanction.

URBIGKIT, Justice, specially concurring.

I do not conclude that either the legislature or this court can constitutionally deny opportunity to a defendant-petitioner to appeal in post-conviction relief if, by any reasoned inference, constitutional trial error occurred. Appellate review in a criminal case under the rights guaranteed by the Wyoming Constitution should continue as long as any post-conviction relief statute exists, but need not be further pursued at this time since this court did grant certiora-ri and, by that action, removed the preliminary constitutional issue from required or permissive decision.

I agree with the decision to affirm the trial court denial of the post-conviction relief on a simple basis. The determined facts of this rape were admittedly and demonstrably horrible. Nothing in the nature of the victim's earlier history constituted relevance questioning guilt in consideration of the severity of the crime on the date charged. Undisclosed witnesses or further testimony, all involving character attack, could provide no relevant defense. The law is firm that rape can occur without regard for the reputation or character of the victim and the perpetrator cannot escape criminal responsibility by his trial time attack on the victim's character.

I would directly dispose of the entire sweep of the ineffectiveness claim by conclusion that no mistake, significant or insignificant, occurred where the subject matter argued by appellant does not constitute any defense to the crime clearly committed. Without any probability of consent to what occurred, the alleged evidence of the appellant lacks appropriate evidentiary function. Annotation, *Constitutionality of "Rape Shield" Statute Restricting Use of Evidence of Victim's Sexual Experiences*, 1 A.L.R.4th 283 (1980). To the procedural underpinnings to the decision to affirm conviction stated in *Stogner v. State*, 674 P.2d 1298 (Wyo.1984), I would add here an equally valid substantive answer to the same effect. The criminal case law is extended with justification for the conviction rendered against this appellant regardless of any present contention that the victim may have had a prior clouded history. *People v. Cornes*, 80 Ill.App.3d 166, 35 Ill.Dec. 818, 399 N.E.2d 1346 (1980); *State v. Parsons*, 401 N.W.2d 205 (Iowa App. 1986); *State v. Redford*, 242 Kan. 658, 750 P.2d 1013 (1988); *Thomas v. State*, 301 Md. 294, 483 A.2d 6 (1984), *cert. denied* 470 U.S. 1088, 105 S.Ct. 1856, 85 L.Ed.2d 153 (1985). Denial of character evidence about the forcible rape victim cannot in this case, however it may have occurred when inadmissable as it was, create a valid ineffec-

tiveness issue. *Cf. Frias v. State,* 722 P.2d 135 (Wyo.1986).