**Roy L. MERRITT and Francis G. Merritt, Appellants (Defendants),**

v.

**McINTYRE AND McINTYRE GARDEN CENTER AND GREENHOUSE COMPANY, Appellee (Plaintiff).**

**No. 5263.**

Supreme Court of Wyoming.

July 8, 1980.

---

Vincent A. Ross, Ross & Ross, Cheyenne, signed the brief and appeared in oral argument on behalf of appellants.

David D. Uchner and Richard P. Boley, Lathrop & Uchner, P. C., Cheyenne, signed the brief and Uchner appeared in oral argument on behalf of appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

RAPER, Chief Justice.

In this appeal, we are presented with two issues. First, is the seller of real property answerable to the buyer for hail damage which occurred to that real property between the time the parties entered into a contract for sale and the closing date? Second, where the seller of real property conveys more land than he intended to convey to a buyer because of a mistake made by surveyors hired by the seller, is there a mutual mistake requiring buyer to either convey back the excess property or pay seller additional compensation?

This case arose out of the purchase of a small parcel of land and its associated improvements which was located in east Cheyenne, Wyoming. During the spring of 1978, Edward L. McIntyre, appellee, entered into negotiations with Roy L. Merritt, appellant, for the purchase of the above-described property. As a part of the negotiations, appellee was informed that the improvements were covered by insurance and, eventually, the contract for sale assigned the insurance policy to the appellee. Appellant also furnished appellee with a survey of the property to be sold. Based solely upon this survey, appellee had the property appraised by a professional appraiser. On July 20, 1978, the parties entered into a contract for sale of the property. All of the documents associated with the sale contain the description provided by appellant's own survey.

The building located on the property was damaged by a hailstorm which occurred on July 31, 1978. The closing of the sale took place on August 10, 1978. At the closing, the subject of an insurance policy on the building was discussed and an insurance policy was produced. The sale price was reduced by $100 to compensate appellee for the $100 deductible provision of the insurance policy. The purchase price was paid in full at the closing and a warranty deed was issued to appellee by appellant. Under the contract, appellee was not to have possession of the property until August 28, 1978. Upon taking possession, appellee immediately undertook to make a claim for the damage done to the building during the July 31, 1978 hailstorm. Appellee learned at that time that the insurance policy had lapsed prior to the time the damage occurred. Appellee undertook to contact appellant about this matter but was never able to get in touch with him and appellant never returned appellee's calls. Appellee had the roof repaired at a total cost of $2,078.25. On February 22, 1979, he brought suit against appellant seeking a recovery in that amount. Appellee also undertook, with the help of a surveyor and following the property description in the warranty deed, to fence in the property and construct an additional building on it.

In September, 1979, appellant asserted in a pretrial memorandum that the property conveyed to appellee had been mistakenly surveyed and described[1] and thus appellee had received more property than appellant intended to convey. Appellant asked that $20,000 be paid to him in compensation for this additional property. A counterclaim to this effect was filed on October 9, 1979. The counterclaim was later amended to more accurately state the claim on October 31, 1979.

The district court heard all the evidence and ruled from the bench that all the testimony about insurance policies had been irrelevant:

"  *   *   *   It seemed to this court completely immaterial as to whether the building burned down or whether there was a hailstorm or whether there was insurance or whether there wasn't, the owner in possession bore the risk of loss. *   *   *   So the court is of the view that the plaintiff [appellee] is entitled to a judgment on his original complaint." (Bracketed word added.)

The court then awarded appellee damages of $1,581.50.[2]

The district court found for appellee and against appellant on the counterclaim relating to the mistaken survey and property description. The court found that appellant had failed to prove a mutual mistake by clear and convincing evidence.

We will affirm the judgment of the district court.

■ Appellant asserts three errors which he claims require reversal of the judgment:

"A. Was the insurance on the premises the material fact that made the Appellee buy said property and did the Appellee know there was no insurance on said property and if there was, what insurance interest did the Appellants convey?"

This statement of the issue is rather indistinctly worded and is unresponsive to the basis upon which the district court determined the question of who was responsible for the damage to the property. The district court decided that the seller was in possession[3] at the time of the damage and was hence responsible to make the repairs. However, the alleged error set out by appellant is unsupported by pertinent authority or cogent argument and for this reason it will not be considered by this court. *Elder v. Jones*, Wyo.1980, 608 P.2d 654; *Scherling v. Kilgore*, Wyo.1979, 599 P.2d 1352.

As his second and third issues, appellant asserts:

"B. Was there a material error in the description of the land and was this mutual mistake made by both the Appellee and Appellants?

"C. Was there unjust enrichment to the Appelle [sic] herein by giving him 11 × 264.98 [see fn. 1] feet more than he had bargained for?" (Bracketed material supplied.)

This court recently discussed the issue of "mutual mistake" in some detail. It was held in *Shrum v. Zeltwanger*, Wyo.1977, 559 P.2d 1384 that:

"  *   *   *   A mutual mistake exists where there has been a meeting of the minds of the parties and an agreement actually entered into but the agreement does not in its written form express what was really intended by the parties." (Citations omitted.)  559 P.2d at 1387.

The legal concept of "mistake" has nuances and facets that go far beyond those we

---

1. All the sale documents described the property as being approximately a rectangle 264.90′ × 126′; the north boundary is 264.98′ and the south boundary, 264.90′. Appellant claimed that it should have been a rectangle 264.98′ × 115′.

2. This represented the $2,078.25 repair bill less $396.75 for repairs and improvements beyond that required by the damage caused by the hailstorm and, less the $100 that had been deducted from the sale price to compensate for the $100 deductible insurance policy at the closing.

3. This question of who bears the risk of destruction or damage apparently has not been decided in Wyoming, nor do we undertake to do so at this time; but for background on this issue, see 3A Corbin Contracts, §§ 667 and 668 (1960).

discussed in *Shrum v. Zeltwanger*, supra, or those before us today. See generally, 3 Corbin Contracts, Ch. 27, (1960).

The facts, although somewhat in dispute,[4] support the conclusion of the trial court. We are unable to conclude, after reviewing all the evidence, that we are left with a definite and firm impression that the district court's findings are mistaken. *Mountain Fuel Supply v. Central Engineering & Equipment Company*, Wyo.1980, 611 P.2d 863 (No. 5129, 5–30–80). All the written documents give the boundaries as being 264.90′ × 126′ (see fn. 1). It was on the basis of this description that appellee made his offer to purchase and on which he based his price.[5] The only mistake alleged by appellant is that the surveyors whom he hired made a mistake in doing their work and hence the property description was off by eleven feet. This is not the sort of mistake from which the legal theory of "mistake" will ordinarily provide relief. A mistake by only one of the parties ordinarily does not offer ground for avoidance of the contract or relief unless the mistake is known by the other and particularly caused by the other. *Shrum v. Zeltwanger*, supra 559 P.2d at 1387. Such facts are not here present. See also generally, 3 Corbin Contracts, supra at § 597, p. 579, and §§ 604 and 608. The burden of proof is on the one claiming mutual mistake, and appellant failed in that regard. The appellee bargained and paid for a parcel of land 264.90′ × 126′ (see fn. 1). He should not be deprived of the fruits of his contract. That is what he got and is entitled to keep. The judgment of the district court is correct in all respects.

Affirmed.

---

4. Appellant claims the boundaries he pointed out were the lesser ones. Appellee asserts no special effort was made by him or appellant to ascertain the exact boundaries and that he relied on the description. In such case we follow the usual rule that we assume evidence of the prevailing party to be true and disregard evidence of the unsuccessful party. *Kahler v. Martin*, Wyo.1977, 570 P.2d 720.

5. The value determined by appellee's appraiser and upon which he made his offer to buy was $2.75 per square foot. There was therefore no unjust enrichment.