Robert W. BARNARD, Appellant
(Plaintiff),

v.

H. Richard WENDLING, Appellee
(Defendant).

No. 5440.

Supreme Court of Wyoming.

May 5, 1981.

Gloria J. Monroe, Casper, signed the brief on behalf of appellant.

Harry E. Leimback, Casper, signed the brief on behalf of appellee.

Before ROSE, C. J., RAPER, THOMAS and ROONEY, JJ., and TAYLOR, District Judge.

ROONEY, Justice.

This is an action for breach of contract. After appellant-plaintiff concluded his case during a jury trial, the court granted appellee-defendant's motion to dismiss and gave judgment to appellee, finding generally for him. In his appeal therefrom, appellant words the issues for review as follows:

"1. Whether the trial court committed reversible error by granting Judgment to the Defendant based on its finding there was a partnership relationship between the Plaintiff and Defendant in that said finding was not supported by the evidence before the trial court in the pretrial conference and at trial.

"2. Whether the trial court committed reversible error by refusing to allow admission of the property settlement agreement in the dissolution of marriage action filed by Plaintiff's wife which had been previously admitted at pretrial conference."

We affirm.

We could properly premise an affirmance of this case upon failure of appellant to present to us relevant authority or cogent argument to support his position. *Elder v. Jones*, Wyo., 608 P.2d 654 (1980); and *Merritt v. McIntyre and McIntyre Garden Center*, Wyo., 613 P.2d 206 (1980). However, we will briefly indicate that which confirms the propriety of the trial court's action.

In March 1974, appellant and his wife entered into an agreement with appellee under which appellant and his wife were to pay $20,000 for a one-third investment interest in the purchase of property in Natrona and Converse counties from Wild Horse Ranch Corporation. Subsequently, difficulties arose over the title to the property, handling of the escrow account and alleged default of payments to be made by appellee. In 1977, appellee filed a lawsuit against the corporation, and appellant was so advised. Appellant testified that he authorized appellee to handle the lawsuit "the best way that he could." In February 1979, the lawsuit was settled for $10,000. Appellee sent a check dated March 27, 1979 in the amount of $3,333.33, payable to appellant and his wife for "⅓ settlement of Wild Horse Investment Property."

At that time, appellant and his wife were separated and in the process of being divorced.[1] The check was received by appel-

lant's wife. When she called appellant relative to it, he told her he could not talk to her about it. She then cashed the check. Appellant brought this action for recovery of the original $20,000 investment.

## FIRST ISSUE

The first issue here presented alleges a finding by the trial court of a partnership relationship between the parties against which appellant contends. In truth, the trial court did not premise its holding on the finding of a partnership in which the action of one party would bind the other. Appellee so argued, but the trial court based its decision on the fact that each party evidenced agreement to the settlement. The court said:

" * * * I am not sure I agree with your analysis, Mr. Leimback, it appears to me in essence both Mr. and Mrs. Barnard agreed in the settlement, wasn't the case of one agreeing for the other. * * * "

As already noted, appellant allowed appellee to handle the matter "the best way he could." Appellant refused to concern himself with the check when his wife called him upon receipt of it. The trial court summarized the matter as follows:

"I am not able to see from the evidence at this point a theory upon which the Plaintiff could recover. * * * [I]t appears to me in essence both Mr. and Mrs. Barnard agreed in the settlement, wasn't the case of one agreeing for the other. I say that because Mr. Barnard's testimony that he was notified on the 16th of April, 1979, by Mrs. Barnard that she had the check for the $3,000 and some odd dollars in the settlement, and did not object at that time, but said he couldn't discuss the matter with her, and that coupled with his further testimony that he had told Mr. Wendling to handle the settlement negotiations as best he could and had given Mr. Wendling the authority to con-

---

1. An interlocutory decree of divorce of appellant and his wife was entered July 11, 1979, in California. The final order was entered December 20, 1979.

duct that. It appears to me that from a combination of those two things, in essence Mr. Barnard did authorize the settlement that was made here.

"Also I am not able to see from the evidence any showing that Mr. Wendling breached any duty he owed to the other joint venturer as far as fiduciary duties as to how he was wrong in the way that he settled the lawsuit or had committed some default in having the papers taken out of the escrow by the seller under the original agreement. I also note that the check that Mr. Wendling wrote out for the settlement was made payable to Robert and to Betty Barnard. I don't know what else Mr. Wendling could have done to insure that those proceeds would go to both of the other parties in the venture. If there was any liability for Mr. Barnard not getting his share of that, I would think that would rest perhaps with Mrs. Barnard or the bank which cashed the check, I don't see how Mr. Wendling could be held liable considering the way that he wrote out the final settlement check there. Therefore I will make a finding generally in favor of the defendant, and you prepare an order along those lines, Mr. Leimback will approve that and I will order that the claim be dismissed."

The trial court's judgment in regard to the first issue presented upon appeal was based on a lack of theory upon which the plaintiff could have prevailed. The appellant presents no argument contradicting the trial court's determination, and a review of the record similarly presents none. This court has been presented with a lean record totally uncontroverted by appellant's brief and totally unsupported by the citation of authority.

■ If there is evidence to sustain the trial court's finding, we will not disturb that finding unless it is "clearly erroneous or so totally against the evidence or great weight thereof as to be manifestly wrong." *Bowen v. Korell*, Wyo., 587 P.2d 653, 655 (1978).

## SECOND ISSUE

Again, appellant's second issue alleges a nonexistent fact as a foundation for his argument. He states that the exhibit was admitted for evidentiary purposes at the pretrial conference. The pretrial order did not rule on the admissibility of exhibits, and there was no stipulation of the parties relative thereto. The pretrial order noted that appellant waived foundation as to exhibits listed in appellee's pretrial memorandum. But there was no reciprocal waiver as to foundation by appellant. Appellant listed the depositions and exhibits attached thereto as proposed exhibits in his pretrial memorandum. The memorandum was incorporated into the pretrial order, as was that of appellee. The settlement agreement was attached to the deposition of appellee. But a proposal or offer of an exhibit is not equivalent to its admission into evidence.

During the trial, appellant attempted to introduce the settlement agreement between the appellant and his wife on direct examination of the appellant on three occasions. Each time the appellee objected to the admission on the grounds that the offered evidence was "incompetent, irrelevant, and immaterial." Each time the judge sustained the objection.

The judge finally entertained arguments on the question at the bench. After viewing the document, the judge asked counsel for the plaintiff-appellant to explain the relevancy of the exhibit. Counsel replied, "Well, specifically regarding the $3,000 check." Further explaining, she said, "Well, if he was treating the settlement with Mrs. Barnard being taken care of by tender of the check, and she signed the check and he did not." The court's final ruling on the matter was to sustain the objection on the basis of relevancy.

■ Determinations of relevancy rest largely with the discretion of the trial court, *Daellenbach v. State*, Wyo., 562 P.2d 679, 682 (1977); *Peterson v. State*, Wyo., 586 P.2d 144, 154 (1978); *Goodman v. State*, Wyo., 601 P.2d 178, 184 (1979), and absent a clear abuse of discretion, this court will not

disturb the trial court's ruling on admission of evidence, *Sanville v. State*, Wyo., 593 P.2d 1340, 1345 (1979). It should be pointed out that the settlement which the appellant wished to enter into evidence was a compromise and settlement between the appellant and a nonparty to the suit, not a settlement between the parties.

 When a contract is payable to two or more parties jointly, payment may be made to either of them. *Hill v. Breeden*, 53 Wyo. 125, 79 P.2d 482 (1938).

There was no abuse of discretion by the trial court in this instance.

Affirmed.