**Ralph R. STOGNER, III, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 83–84.

Supreme Court of Wyoming.

Jan. 20, 1984.

Robert J. Pickett and Harley McKinney, Pickett & McKinney, Rock Springs, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen.; and Allen C.

Johnson, Senior Asst. Atty. Gen., for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

Appellant was found guilty, after a jury trial, of first degree sexual assault. In appealing from the verdict and resulting judgment, he words the issues as follows:

"1. Whether the trial court erred in refusing to allow testimony of the victim's prior sexual and [sic] reputation.

"2. Whether trial court erred in not granting a continuance of the trial.

"3. Whether the trial court erred in not dismissing the case against Ralph R. Stogner, III, for prosecutorial misconduct."

We affirm.

## CHARACTER OF VICTIM

" * * * [O]n appeal the reviewing court assumes that the evidence in favor of the successful party is true, leaves out of consideration entirely the evidence presented by the unsuccessful party that conflicts with the successful party's evidence and gives the evidence of the successful party every favorable inference that may reasonably and fairly be drawn from it. * * * " *City of Rock Springs v. Police Protective Association,* Wyo., 610 P.2d 975, 980 (1980).

See *Fitzgerald v. State,* Wyo., 601 P.2d 1015 (1979); *Jones v. State,* Wyo., 568 P.2d 837 (1977); *Johnson v. State,* Wyo., 562 P.2d 1294 (1977); *Horn v. State,* Wyo., 554 P.2d 1141 (1976); and *Blakely v. State,* Wyo., 542 P.2d 857 (1975).

Viewed in this fashion, the facts of this case are as follows:

On June 8, 1982, appellant confronted victim with a gun at a store in Rock Springs where she was working and forced her to accompany him to a trailer house where he bound and gagged her and committed multiple sexual assaults on her. The case was set for trial on March 29, 1983. On March 23, 1983, appellee filed a motion in limine to prevent introduction of evidence of the prior sexual conduct of the victim. On March 25, 1983, appellant filed a motion for a hearing on the admissibility of evidence pertaining to the prior sexual conduct of the victim, contending that he received information on March 24, 1983, that the victim had engaged in acts of prostitution in the past and that such evidence was necessary to support his defense to the sexual assault charge, i.e., that the sexual acts were engaged in voluntarily by the victim in anticipation of payment for them.

■ Section 6–4–312, W.S.1977, provides:

"(a) In any prosecution under W.S. 6–63.2 through 6–63.5 [§§ 6–4–302 to 6–4–305] or for any lesser included offense, if evidence of the prior sexual conduct of the victim, reputation evidence or opinion evidence as to the character of the victim is to be offered the following procedure shall be used:

"(i) A written motion shall be made by the defendant to the court at least ten (10) days prior to the trial stating that the defense has an offer of proof of the relevancy of evidence of the sexual conduct of the victim and its relevancy to the defense;

"(ii) The written motion shall be accompanied by an affidavit or affidavits in which the offer of proof is stated;

"(iii) If the court finds the offer of proof sufficient, the court shall order a hearing in chambers, and at the hearing allow the questioning of the victim regarding the offer of proof made by the defendant and other pertinent evidence;

"(iv) At the conclusion of the hearing, if the court finds that the probative value of the evidence is substantially outweighed by the probability that its

admission will create a substantial danger of undue prejudice, the evidence shall be admissible pursuant to this section. The court may make an order stating what evidence may be introduced by the defendant, which order may include the nature of the questions to be permitted.

"(b) This section does not limit the introduction of evidence as to prior sexual conduct of the victim with the actor.

"(c) Any motion or affidavit submitted pursuant to this section is privileged information and shall not be released or made available for public use or scrutiny." [1]

At the hearing on appellant's motion to admit evidence of the victim's prior sexual conduct and on appellee's motion in limine to prevent the introduction of such evidence, the evidence in question was determined to be testimony by Karen Singleton that she knew the victim to have been a prostitute in 1977 or 1978. She responded "no" to a question by the court as to her knowledge of prostitution by the victim since 1978.

In granting the motion in limine and in denying the motion to admit the evidence of prior sexual conduct of the victim, the court said:

"THE COURT: The statute provides, a written motion shall be made by the defendant to the Court at least ten days prior to the trial stating that the defense has an offer of proof of the relevancy of evidence of the sexual conduct of the victim and its relevancy to the defense, and no such motion was filed, and this lady, Miss Singleton, cannot testify to any recent acts of prostitution by Miss Hunsaker, and therefore, the only reason they could be putting Karen Singleton on there is to show her reputation as to being a prostitute six, seven years ago. So that motion—that is, she's not going

to be able to testify as to reputation of Tamara Hunsaker.

\*　\*　\*　\*　\*　\*

"THE COURT: First, you didn't comply with the statute, and the statute says you've got to file that motion, and you failed to do it. And Karen Singleton, the only thing she can be used for then would be to show the reputation of Tamara Hunsaker by acts that happened six years ago, over six years ago. Five or six."

The court thus found noncompliance by appellant with the ten day requirement of § 6–4–312(a)(i), supra; it found the proffered testimony not to be relevant; and it found the probative value of the evidence did not substantially outweigh the probability that its admission would create prejudice.

"Determinations of relevancy rest largely with the discretion of the trial court, [citations], and absent a clear abuse of discretion, this court will not disturb the trial court's ruling on admission of evidence, [citation]. \* \* \*" *Barnard v. Wendling,* Wyo., 627 P.2d 603, 605 (1981). See *City of Evanston v. Whirl Inn, Inc.,* Wyo., 647 P.2d 1378 (1982); and *Canyon View Ranch v. Basin Electric Power Corporation,* Wyo., 628 P.2d 530 (1981).

The trial court's ruling was not an error of law under the circumstances. It could reasonably conclude as it did.

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. \* \* \*" *Martinez v. State,* Wyo., 611 P.2d 831, 838 (1980).

But appellant contends that the statute itself is unconstitutional by denying

---

1. Section 6–4–312, W.S.1977, was in effect at the time of the sexual assault here involved. It is now superseded by § 6–2–312, W.S.1977

(June 1983 Replacement) which is worded in an almost identical fashion to the former section.

the right to effective assistance of counsel, by denying the right to confront witnesses, and by denying the right to have compulsory process served for obtaining witnesses; which, in turn, denies appellant due process of law and inflicts on him cruel and unusual punishment.

Although the constitutionality of rape-shield statutes, such as § 6–4–312, supra, has been upheld "almost without exception" by courts confronted with the issue, Annotation: Constitutionality of "Rape Shield" Statutes Restricting Use of Evidence of Victim's Sexual Experiences, 1 A.L.R. 4th 283, we need not concern ourselves with the question inasmuch as it was not raised before the trial court.

"* * * It is necessary that the constitutional questions be specifically phrased and completely argued [before the trial judge] before it would be proper for this court to pass upon them. * * * " *Jackson v. State,* Wyo., 624 P.2d 751, 755, cert. denied 451 U.S. 989, 101 S.Ct. 2327, 68 L.Ed.2d 848 (1981).

See *Nisonger v. State,* Wyo., 581 P.2d 1094 (1978); and *Johnson v. State,* supra.

## CONTINUANCE OF TRIAL

■ On March 24, 1983, Karen Singleton advised appellant's counsel that the victim had engaged in prostitution. On March 25, 1983, appellant's counsel made this information known to the prosecuting attorney. The prosecuting attorney, who knew Karen Singleton to be the defendant in a pending forgery case, telephoned Karen Singleton and inquired about the nature and extent of her testimony relative to the victim's alleged prostituting activities.

On March 28, 1983, appellant filed a motion for continuance of the trial, the same having been set for March 29, 1983. The motion was based upon the contention that the prosecuting attorney had:

"acted in such a manner as to deprive the Defendant of due process of law by inter-

ferring with a material witness for Defendant which tends to prevent Defendant from mounting an adequate defense."

Appellant contended that he needed additional time to develop testimony from other witnesses to substantiate the testimony of Karen Singleton, and to rehabilitate Karen Singleton, herself, as a witness. The trial court denied appellant's motion, noting that appellant "had time enough to prepare your case."

"In Wyoming it is likewise the well-known rule that the granting or refusal of a request for continuance of a trial of a case is ordinarily a matter within the sound discretion of the trial court under the circumstances of each case. * * * " *Sims v. State,* Wyo., 530 P.2d 1176, 1181 (1975).

Appellant did not specify, at the hearing or otherwise, the material evidence which could be produced if additional time were allowed. He referred to it only in generalities. The information against appellant was filed December 29, 1982. There was no suggestion that due diligence had been exercised since that date in an effort to obtain evidence relative to victim's alleged activities as a prostitute.

Under the definition of "abuse of discretion," supra, it cannot be said that the court acted in a manner that exceeded the bounds of reason or committed an error of law under the circumstances.

## PROSECUTORIAL MISCONDUCT

■ Appellant does not contend that it was improper for the prosecuting attorney to interview Karen Singleton[2], but he argues that the telephone calls to her contained direct and implied threats and had a "chilling effect" on her contemplated testimony. On March 28, 1983, he filed a motion to dismiss the case with prejudice for this reason. In denying the motion, the trial court pointed out that Karen Singleton's testimony was not going to be admit-

---

**2.** The court noted that such was not improper.

ted for reasons already given and therefore threats or "chilling effects" pertaining to such testimony would be completely immaterial. The adequacy of the trial court's reasoning is obvious, and we need not further consider the issue.

 In reviewing an assertion that prosecutorial misconduct results in the denial of a fair trial, we view the case in its entirety, including an evaluation of the state of the evidence and the probability of prejudicial impact on defendant under the circumstances of the particular case. *Browder v. State,* Wyo., 639 P.2d 889 (1982).

Affirmed.