# IN THE SUPREME COURT, STATE OF WYOMING

# 2014 WY 38

OCTOBER TERM, A.D. 2013

*March 13, 2014*

DANIEL GEORGE SWAN,

Appellant
(Defendant),

v.                                                          S-13-0050

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Johnson County*
*The Honorable William J. Edelman, Judge*

*Representing Appellant:*

    Office of the State Public Defender:  Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; and David E. Westling, Senior Assistant Appellate Counsel.  Argument by Mr. Westling.

*Representing Appellee:*

    Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jeffrey Pope, Assistant Attorney General; Darrell Jackson, Faculty Director, Prosecution Assistance Program; David Singleton, Student Director; and Daniel Harnick, Student Intern.  Argument by Mr. Harnick.

*Before KITE, C.J., and HILL, VOIGT\*, BURKE, and DAVIS, JJ.*

*\*Justice Voigt retired effective January 3, 2014.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    A jury found Daniel Swan guilty of one count of felony child abuse, and he now appeals.  He claims that the district court erred by not granting his motion for judgment of acquittal, citing insufficient evidence.  He also claims that his right to confrontation was violated because the district court limited questions to the victim regarding inappropriate sexual contact between the victim and his sister.  We affirm.

## ISSUES

[¶2]    Swan presents two issues for our review:

> 1.  The trial court's limitation of the cross-examination of DM effectively denied the Appellant, Daniel Swan, due process by denying him his constitutional right to confront the witness against him.
>
> 2.  The evidence produced at trial was insufficient to support a verdict of child abuse and it was an abuse of discretion to deny Mr. Swan's motion under W.R.Cr.P. 29.

## FACTS

[¶3]    After being arrested on an outstanding warrant from the state of Montana, Daniel Swan's three step-children were placed into protective custody with the Wyoming Department of Family Services (DFS).[1]  Almost immediately, the children's foster parent noticed bruises and cuts on DM's buttocks.  DM, who was five years old at the time, indicated that he received those injuries at the hands of his step-father, who he said often spanked him with a stick and placed tape on his mouth to muffle his screams.

[¶4]    The foster parent immediately contacted DFS, who sent a police officer to her home.  DM repeated his story to the officer, adding that his step-father also tied his hands behind his head.  After the spanking, DM was made to exercise while Swan watched.  DM also said he was often locked in his room at night and was made to urinate in a "pee bucket."  The officer then took photos of the injuries reported by the foster parent and took the children to be examined by a pediatrician.

[¶5]    The police charged Swan with one count of felony child abuse, to which he pleaded not guilty.  The case moved toward trial and Swan proposed jury instructions that indicated he intended to elicit evidence from DM that DM molested his sister as part of

---

[1] The children's mother was also present and was also arrested for interference because she lied to police about being the only adult in the home on the day of Swan's arrest.  Swan was actually present as well.

1

his defense. The State filed a motion in response opposing that instruction and argued that Swan had no proof of the alleged molestation and that such evidence would shift the trial away from the relevant issue. Swan responded that asking DM about the allegations would rebut the State's theory about why Swan spanked DM.

[¶6] The district court took the matter under advisement and reserved ruling pending Swan producing evidence that substantiated his claims. This became a non-issue at trial, however. During trial, as Swan's counsel cross-examined DM regarding the reasons for the beatings, DM testified that he did not know why. Swan's counsel did not ask DM about the alleged sexual misconduct. Also at trial, Swan admitted to spanking DM and binding DM with plastic wrap. The State produced evidence at trial that he did so with a wooden lath that left abrasions, bruises, and lacerations, which likely bled. Photos of DM's buttocks corroborated these accounts and DM testified that when he misbehaved, Swan would spank him with the wood.

[¶7] Although Swan's counsel did not ask DM about the alleged sexual misconduct, Swan was able to testify that he spanked DM for that very reason and described how DM allegedly admitted to it. Swan also introduced a letter he wrote to his sister in which he made the same allegations.

[¶8] After presenting his evidence and making closing arguments, Swan moved for a judgment of acquittal. The district court denied the motion and explained that when viewing the evidence in a light most favorable to the prosecution, a reasonably jury could find Swan guilty beyond a reasonable doubt. The court noted that the jury had to resolve only one question – whether Swan's spanking of DM constituted "reasonable corporal punishment." The jury found Swan guilty and he was sentenced to thirty to sixty months in the Wyoming State Penitentiary. He timely filed his notice of appeal.

## DISCUSSION

### *Right to Confrontation*

[¶9] In his first issue, Swan argues that the district court interfered with his right to present his defense by limiting the cross-examination of the victim about the victim's alleged molestation of his sister. Although Swan claims constitutional error, without an appropriate objection we review his claim under a ***plain error*** standard. *Anderson v. State*, 2014 WY 13, ¶ 20, 317 P.3d 1108, 1115 (Wyo. 2014) (citations omitted). We have further stated:

> Even when constitutional error is alleged, each criterion must
> be satisfied or a claim for review under the plain-error doctrine
> will fail. To establish plain error, the appellant must prove (1)
> the record clearly reflects the alleged error; (2) the existence of

2

a clear and unequivocal rule of law; (3) a clear and obvious transgression of that rule of law; and (4) the error adversely affected a substantial right resulting in material prejudice to him.

*Anderson*, ¶ 20, 317 P.3d 1108.

[¶10]   The constitutional right to confront a witness arises under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Wyoming Constitution. We have summarized the limits that a court may properly place upon cross-examination regarding confrontation:

> The primary right secured by the Confrontation Clause of the United States and Wyoming Constitutions is the right of cross-examination.  In order for there to be a violation of the right of confrontation, a defendant must show more than just a denial of the ability to ask specific questions of a particular witness.  Rather, a defendant must show that he was prohibited "from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness . . . 'to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.'"  *Hannon*, ¶ 18, 84 P.3d at 330 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 680, 106 S.Ct. 1431, 1436, 89 L.Ed. 2d 674 (1986)).  The Confrontation Clause guarantees a defendant an "**opportunity** for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."  *Van Arsdall*, 475 U.S. at 679, 106 S.Ct. at 1435 (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 295, 88 L.Ed. 2d 15 (1985) (*per curiam*) (emphasis in original)).  A defendant's right to cross-examination of a witness is not unfettered, but is subject to the trial court's "discretion to reasonably limit cross-examination to prevent, among other things, questioning that is repetitive or of marginal relevance."  *Hannon*, ¶ 22, 84 P.3d at 331-32 (quoting *United States v. DeSoto*, 950 F.2d 626, 629-30 (10th Cir. 1991)); *see also Olden v. Kentucky*, 488 U.S. 227, 232, 109 S.Ct. 480, 483, 102 L.Ed. 2d 513 (1988) (*per curiam*).

*Budig v. State*, 2010 WY 1, ¶ 8, 222 P.3d 148, 151 (Wyo. 2010) (quoting *Miller v. State*, 2006 WY 17, ¶ 8, 127 P.3d 793, 796 (Wyo. 2006) (emphasis in original) (some citations omitted)).  Thus, a district court may reasonably limit a defendant's right to cross-

examination without abridging his Sixth Amendment right to confrontation. *Miller*, ¶¶ 7-13, 127 P.3d at 796-97; *Schmidt v. State*, 2001 WY 73, ¶ 30, 29 P.3d 76, 85-86 (Wyo. 2001).

[¶11]   Conversely, as Swan suggests, a district court can also violate a defendant's right to confront the witnesses against him if it prevents him from having an opportunity to conduct an effective cross-examination. *Budig*, ¶ 8, 222 P.3d 151.  However, that did not happen in this case.  As mentioned in the aforementioned facts, the court reserved ruling on the issue.  To refresh, prior to trial, the district court ruled that depending on the events at trial it might preclude Swan from offering evidence about DM's alleged molestation of his sister.  The court stated, "… pending the status of the evidence, this matter will be taken under advisement."  The court never made a final ruling on the issue, however, because it did not have to do so.  Swan's counsel cross-examined DM but did not broach the subject of the allegations of molestation.  Counsel asked DM questions without any restriction whatsoever.

[¶12]   While the molestation issue was not brought up by Swan's counsel on cross-examination, the defense did introduce its theory on direct.  Swan was permitted to testify regarding the alleged molestation, which he did at length.  Given this testimony and the unrestricted cross-examination of DM, we cannot conclude any error regarding Swan's right to confrontation occurred.

## *Motion for Judgment of Acquittal/Sufficiency of the Evidence*

[¶13]   Swan's final argument on appeal is that the evidence produced at trial was insufficient to support a verdict of child abuse and thus it was an abuse of discretion to deny his motion for judgment of acquittal under W.R.Cr.P. 29.

[¶14]   When we review a sufficiency of the evidence claim,

> we examine and accept as true the State's evidence and all reasonable inferences which can be drawn from it.  We do not consider conflicting evidence presented by the defendant.  We do not substitute our judgment for that of the jury; rather, we determine whether a jury could have reasonably concluded each of the elements of the crime was proven beyond a reasonable doubt.  This standard applies whether the supporting evidence is direct or circumstantial.

*Sweets v. State*, 2013 WY 98, ¶ 14, 307 P.3d 860, 865 (Wyo. 2013) (quoting *Craft v. State*, 2013 WY 41, ¶ 18, 298 P.3d 825, 830-31 (Wyo. 2013)).

[¶15] In order to prove felony child abuse, the State was required to show that Swan: (1) was responsible for the care of DM; (2) acted intentionally or recklessly; and (3) inflicted physical injury, excluding reasonable corporal punishment. Wyo. Stat. Ann. § 6-2-503(b)(i) (LexisNexis 2013). The term "physical injury" is defined by the Wyoming legislature as "disfigurement, impairment of any bodily organ, skin bruising if greater in magnitude than minor bruising associated with reasonable corporal punishment, bleeding, burns, fracture of any bone, subdural hematoma or substantial malnutrition." Wyo. Stat. Ann. § 14-3-202(a)(ii)(B) (LexisNexis 2013).

[¶16] The State's evidence, which must be accepted as true on appeal and much of which Swan admitted, showed that before spanking DM, Swan used plastic wrap to bind DM's hands and cover his mouth, "so people couldn't hear him scream." It also showed that after binding him, Swan pulled down DM's pants and underwear to expose his bare buttocks and then proceeded to use an eighteen to twenty-four inch piece of wood to spank him. According to the evidence, the spankings left abrasions, bruises, and lacerations that remained for hours after the spanking and likely bled. Swan's argument that the injuries were not serious and that he acted reasonably is misplaced given the standard of review on appeal. Because the State is entitled to all favorable inferences that can be drawn from the evidence, the jury was free to reject Swan's proffered justifications for the abuse. The evidence was sufficient to find Swan guilty and we affirm.

## CONCLUSION

[¶17] Daniel Swan's right to confrontation was not violated at trial. Furthermore, there was sufficient evidence such that a jury could return a guilty verdict. Affirmed.